ARTHUR COLLIER REALTY COMPANY, PLAINTIFF-APPEL-
LEE, v. HENRY GOTTLIEB, DEFENDANT-APPELLANT.

Argued May term, 1925—Decided October 29, 1925.

**Negligence—Collision Between Motor Cars—Plaintiff's Car was
Struck by Defendant's Car in Rain and Fog, Causing It to
Skid—Defendant's Contention That There was No Negli-
gence, and That Plaintiff Was Guilty of Contributory Negli-
gence, Jury Questions—Verdict Not Disturbed.**

On appeal from the Paterson District Court.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *Frank G. Turner.*

For the plaintiff-appellee, *Slein & Slein.*

PER CURIAM.

This action was tried in the District Court of Paterson,
without a jury, and judgment was for the plaintiff for
$250. The action grew out of a collision between two cars
going in opposite directions on Park street, in Montclair.

The plaintiff's driver testified that he was proceeding in
the road, six feet from the curb, when, in order to pass some
boys on bicycles, he swerved out so that he was about ten feet
from the curb; that he continued going along straight ahead
for about thirty feet, at a speed of from ten to twelve miles
an hour to the point of collision; that it was rainy and
foggy; that his vision carried twenty feet through his
clouded wind-shield; that he saw defendant approaching
the truck about ten feet ahead; that the front of defend-
ant's truck passed in close proximity; that defendant's truck
hit his car in the left rear end, and thereby caused him to
skid, turn around in a circle several times, go over the side-
walk, up a terrace and back down into a tree. He admitted
that he did not see the cars collide, but testified that he felt
a jar and heard a knock just before skidding.

The driver of defendant's car testified, as plaintiff's witness, that he was proceeding along the road with his windshield clouded with rain; that something black loomed before him; that he then turned out abruptly and struck the plaintiff's car. He admitted that he did not see the cars collide, but testified that he heard a knock and saw the plaintiff's car begin to skid.

The defendant's contentions are that no negligence was shown, and that the plaintiff was contributorily negligent. Hearing the knock and feeling the jar, under the above circumstances, is direct and positive evidence of the fact that the defendant's car struck the plaintiff's car. Its probative force was for the jury, and their verdict being supportable by the testimony, cannot be disturbed.

The judgment will therefore be affirmed.